IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ANTHONY LORUSSO,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4553 |
| | : | |
| **ARAMARK FOOD SERVICE,** | : | |
| Defendant. | : | |

**MEMORANDUM**

**BARTLE, J.**                                                            **MARCH 2 , 2023**

Plaintiff Michael Anthony LoRusso, a prisoner currently incarcerated at the Dade Correctional Institution in Florida City, Florida,[1] commenced this *pro se* civil action pursuant to 42 U.S.C. § 1983 but failed to pay the required filing fee or to seek leave to proceed *in forma pauperis*. For the following reasons, the Court finds that LoRusso is not entitled to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(g) and will require that LoRusso pay the full fee of $402 (the $350 filing fee and a $52 administrative fee) if he wishes to continue with his case.

**I.    BACKGROUND**

LoRusso initiated this civil action by filing a Complaint (ECF No. 1) on or about November 10, 2022, naming Aramark Food Service ("Aramark"), as the sole Defendant in this matter. (Compl. at 1.) LoRusso asserts Eighth Amendment claims alleging that Aramark, which

---

[1] At the time he initiated this action, LoRusso was incarcerated at Polk Correctional Institution located at 10800 Evans Road in Polk City, Florida. A search for LoRusso's identification number, No. 345454, in the Inmate Population Information Search feature publicly available online through the Florida Department of Corrections reflects that LoRusso is currently incarcerated at Dade Correctional Institution. *See* http://prod.fdc-wpws001.fdc.myflorida.com/OffenderSearch/Search.aspx?TypeSearch=AI (last visited Feb. 21, 2023). Accordingly, the Clerk of Court will be directed to update the docket to reflect LoRusso's current address.

contracted with the State of Florida to supply meals for inmates, is purposely serving food that does not meet the requirements of the "calorie index chart." (*Id.* at 1.) LoRusso claims that Aramark is purposely "starving inmates for profit" and provides an example wherein Aramark was required to serve "8 oz of chili mac" but only serves "a 6 oz [portion] of chili mac to save costs" because "[l]ess food served [means] more profits for the food director." (*Id.* at 2.) LoRusso alleges that he has lost approximately 39 pounds in "a year of incarceration" – presumably as a result of Aramark's alleged conduct. (*Id.*)

## II.     STANDARD OF REVIEW

To proceed in federal court, a litigant must either pay the fees to commence a civil action, 28 U.S.C. § 1914 or, if he cannot afford to do so, must seek leave to proceed *in forma pauperis*. The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury at the time he brings his case to court. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

### III.    DISCUSSION

The Court must determine whether LoRusso's prior filings in federal court were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and whether he has alleged that he was in imminent danger of serious physical injury at the time that the Complaint in this action was filed. *Abdul-Akbar*, 239 F.3d at 310-11. In particular, a "strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-1725 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

As another federal district court recently recognized, "LoRusso has a long and abusive filing history, having filed over 40 non-habeas civil actions nationwide." *LoRusso v. Gohmert*, No. 22-1504, 2022 WL 16540680, at *1 (N.D. Tex. Sept. 26, 2022), *report and recommendation adopted*, 2022 WL 16540081 (N.D. Tex. Oct. 28, 2022). Moreover, multiple district courts throughout the country have found that LoRusso has accrued at least three strikes in accordance with § 1915(g) and is not eligible to proceed *in forma pauperis* unless he can demonstrate imminent danger. *See LoRusso*, 2022 WL 16540680, at *1 (collecting cases). While this appears to be LoRusso's first filing in this District, the Court joins its sister courts in recognizing LoRusso's prior history of litigating meritless claims in federal courts across the country. This Court's independent review reflects that LoRusso has accrued at least six (6) strikes over the last twenty years prior to initiating this action on November 10, 2022. *See, e.g., LoRusso v. Trump*, Civ. A. No. 22-0833 (D.D.C. Mar. 29, 2022) (dismissing complaint against former President Trump for failure to state a claim) (ECF Nos. 4 & 5); *LoRusso v. Fla. Dep't of Corrs.*, Civ. A. No. 22-0322 (M.D. Fla. July 26, 2022) (dismissing the complaint as frivolous pursuant to § 1915A); *LoRusso v. McCabe*, Civ. A. No. 20-1916 (M.D. Fla. Dec. 15, 2020) (dismissing LoRusso's civil rights complaint for failure to state a claim) (ECF No. 11); *LoRusso v. Fayetteville, Ga.*, Civ. A. No. 03-0005 (M.D. Ga. Nov. 3, 2003) (dismissing as frivolous pursuant to § 1915A(b)) (ECF No. 11); *LoRusso v. Upton*, Civ. A. No. 03-0138 (M.D. Ga. Sept. 16, 2003) (dismissing complaint regarding access to prison law library for failure to state a claim under § 1915(e)(2)) (ECF No. 4); *LoRusso v. Upton*, Civ. A. No. 03-0132 (M.D. Ga. Sept. 16, 2003) (dismissing complaint regarding provision of stamps to inmates as frivolous under § 1915(e)(2)) (ECF No. 4). The Court concludes that each of these dismissals count as a strike against LoRusso for purposes of § 1915(g). Each was filed while LoRusso was incarcerated, and each was dismissed in its entirety for one of the enumerated reasons listed in § 1915(g).

Accordingly, LoRusso may not proceed *in forma pauperis* in this case unless he was in imminent danger of serious physical injury at the time he initiated this action.

"Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). A prisoner's allegation that he faced imminent danger in the past is "an insufficient basis to allow him to proceed *in forma pauperis*." *Ball*, 726 F.3d at 467. Practices that "may prove detrimental . . . over time," such as poor care for arthritis, also "do not represent imminent dangers," as the harm is not "about to occur at any moment." *Id.* at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.*

Nothing in LoRusso's Complaint plausibly suggests that he is in imminent danger of serious physical injury, as required by § 1915(g). While LoRusso essentially alleges that Aramark is providing him with smaller portion sizes that have resulted in a 39-pound weight loss over a one-year period, courts addressing similar factual allegations have concluded that weight loss, standing alone, is not sufficient to demonstrate "serious physical injury" in accordance with § 1915(g). *See, e.g.*, *Hernandez v. Ventura Cnty.*, No. 09-7838, 2010 WL 3603491, at *5-6 (C.D. Cal. July 27, 2010) (finding that allegation of weight loss due to smaller portion sizes of food did not constitute "imminent danger of serious physical injury"); *Sayre v. Waid*, No. 2009 WL 249982, at *3 (N.D.W. Va. Feb.2, 2009) (concluding that claim alleging food provided by prison caused inmate to lose 30 pounds was insufficient to demonstrate "serious physical injury"; "[W]eight loss, in and of itself, is not indicative of a serious physical injury [for purposes of section 1915(g)]."); *see also Randle v. Pulaski Cnty.*, No. 20-1103, 2020 WL 7078333, at *1 (E.D. Ark. Oct. 19, 2020), *report and recommendation adopted*, 2020 WL 7062907 (E.D. Ark. Dec. 2, 2020) (observing that "weight loss and hunger pains – without more – do not establish

imminent danger of serious physical harm."); *but see Jensen v. Knowles*, No. 02-2373, 2008 WL 744726, at *2 (E.D. Cal. Mar. 18, 2008) (daily deprivation of medically prescribed diabetic meals constitutes "'plausible allegation' of a danger of serious physical harm."). Moreover, LoRusso himself acknowledges that this weight loss has occurred slowly, over the course of one year, and while weight loss "may prove detrimental . . . over time," LoRusso cannot allege that his year-long weight loss puts him in imminent danger because the harm is not "about to occur at any moment." *Ball*, 726 F.3d at 468. LoRusso also fails to allege that Aramark's "practices have caused or threaten to cause [him] . . . to go hungry, to suffer malnutrition, or to suffer any negative health consequences." *See Hernandez*, 2010 WL 3603491, at *5. While it is true that "as a general matter, an ongoing practice of failing to provide inmates with adequate food can cause serious physical injury," LoRusso does not plausibly allege that Aramark's alleged conduct imminently threatens to cause serious physical injury. *Id.* Accordingly, because he has incurred at least three strikes and does not allege he was in imminent danger of serious physical injury when he initiated this action, LoRusso will be required to pay the full fees to commence this civil action if he wishes to proceed.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that LoRusso must pay the full fee of $402 (the $350 filing fee and a $52 administrative fee) to the Clerk of Court to initiate this action. An appropriate Order follows.