IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ANTHONY LORUSSO,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4553 |
| | : | |
| **ARAMARK FOOD SERVICE,** | : | |
| Defendant. | : | |

<u>MEMORANDUM</u>

**BARTLE, J.**                                                                                                   May 1 , 2023

Plaintiff Michael Anthony LoRusso commenced this *pro se* civil action pursuant to 42 U.S.C. § 1983 but failed to pay the required filing fee or to seek leave to proceed *in forma pauperis*. By Memorandum and Order dated March 2, 2023 (ECF Nos. 3 & 4), the Court found that LoRusso was not entitled to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(g) and must pay the full fee of $402 to proceed. Rather than pay the required fee, LoRusso filed a Motion to Alter or Amend the Judgment (ECF No. 5) which is now before the Court. For the following reasons, the Court will deny LoRusso's motion and direct him to pay the full fee of $402 within fourteen (14) days if he wishes to proceed in this case.

**I.     PROCEDURAL HISTORY**

As the Court previously recognized, LoRusso, a prisoner incarcerated with the Florida Department of Corrections,[1] initiated this civil action by filing a Complaint (ECF No. 1) on or

---

[1] A search for LoRusso's identification number, No. 345454, in the Inmate Population Information Search feature publicly available online through the Florida Department of Corrections reflects that LoRusso is currently incarcerated at the Northwest Florida Reception Center Annex, 4455 Sam Mitchell Drive, Chipley, Florida 32428-3501. *See* http://prod.fdc-wpws001.fdc.myflorida.com/OffenderSearch/Search.aspx?TypeSearch=AI (last visited Apr. 11, 2023). Accordingly, the Clerk of Court will be directed to update the docket to reflect LoRusso's current address.

about November 10, 2022, naming Aramark Food Service ("Aramark"), as the sole Defendant. (Compl. at 1.) LoRusso asserts Eighth Amendment claims alleging that Aramark, which contracted with the State of Florida to supply meals for inmates, is purposely serving food that does not meet the requirements of the "calorie index chart." (*Id.* at 1.) LoRusso alleges that he has lost approximately 39 pounds in "a year of incarceration" – presumably as a result of Aramark's alleged conduct. (*Id.*)

By Memorandum and Order dated March 2, 2023 (ECF Nos. 3 & 4), the Court assessed LoRusso's eligibility to proceed *in forma pauperis* and evaluated whether he had incurred three strikes under 28 U.S.C. § 1915(g).[2] As the Court previously recognized, an "independent review" of LoRusso's prior cases "reflect[ed] that LoRusso has accrued at least six (6) strikes over the last twenty years prior to initiating this action on November 10, 2022." *LoRusso v. Aramark Food Serv.*, No. 22-4553, 2023 WL 2332235, at *2 (E.D. Pa. Mar. 2, 2023) (collecting cases and noting that "each of these dismissals count as a strike against LoRusso for purposes of § 1915(g)" because "[e]ach was filed while LoRusso was incarcerated, and each was dismissed in its entirety for one of the enumerated reasons . . . "). Thus, the Court concluded that LoRusso

---

[2] The Prison Litigation Reform Act implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury at the time he brings his case to court. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

could not proceed *in forma pauperis* in this case unless he was in imminent danger of serious physical injury at the time he initiated this action. *Id.* at *3. The Court went on to consider whether LoRusso adequately alleged that he was in imminent danger of serious physical injury in accordance with § 1915(g). *Id.* The Court concluded that LoRusso's allegations of weight loss, which occurred slowly over time, standing alone, failed to plausibly allege that Aramark's conduct "imminently threaten[ed] to cause [LoRusso] serious physical injury." *Id.* Thus, the Court found that "because he ha[d] incurred at least three strikes and [did] not allege he was in imminent danger of serious physical injury when he initiated this action," LoRusso must pay the full fees proceed in this case. *Id.*

## II.     STANDARD OF REVIEW & DISCUSSION

LoRusso's Motion to Alter or Amend the Judgment essentially asks the Court to reconsider its prior finding that LoRusso did not allege that he was in imminent danger of serious physical injury at the time he initiated this case. (*See* ECF No. 5 at 1-2, 4.) In his Motion, LoRusso contends that he is incarcerated "in the 'cess [sic] pool' of The Florida Department of Corrections" where there are "prison gangs, assaults, [and] wide spread homosexual sex" and other health concerns like the spread of Covid 19. (*Id.* at 1-2.) LoRusso argues that he "is in 'imminent physical threat of serious harm'" as a result of these conditions, all of which he attributes to the policies of Governor Ron DeSantis. (*Id.* at 1-2, 4, 6, 8.)

A motion for reconsideration should be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.

1999)). Mere disagreement with the Court's decision is insufficient to warrant reconsideration. *See Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011).

"Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). A prisoner's allegation that he faced imminent danger in the past is "an insufficient basis to allow him to proceed *in forma pauperis*." *Ball*, 726 F.3d at 467. Practices that "may prove detrimental . . . over time," such as poor care for arthritis, also "do not represent imminent dangers," as the harm is not "about to occur at any moment." *Id.* at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.* Additionally, "[t]o fulfill the 'imminent danger' requirements, [a prisoner] must demonstrate an adequate nexus between the claims [the prisoner] seeks to pursue and the "imminent danger [the prisoner] alleges." *Ball v. Hummel*, 577 F. App'x 96, 98 (3d Cir. 2014) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)). "[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges . . . and the legal claims asserted in the complaint." *Pettus*, 554 F.3d at 297. "In deciding whether such a nexus exists, [courts] will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99 (emphasis and footnote omitted).

Unlike his Complaint, which asserts Eighth Amendment claims relating to alleged inadequate prison food and subsequent weight loss, LoRusso's motion makes no mention of the caloric content, or the portion size, of prison meals served by Aramark. LoRusso also fails to describe any additional facts regarding his alleged weight loss, and LoRusso does not contend

4

that Aramark's "practices have caused or threaten to cause [him] . . . to go hungry, to suffer malnutrition, or to suffer any negative health consequences." *See, e.g.*, *Hernandez v. Ventura Cnty.*, No. 09-7838, 2010 WL 3603491, at *5 (C.D. Cal. July 27, 2010). Although LoRusso seeks to challenge the Court's prior finding that the allegations of his Complaint did not plausibly suggest that he was in imminent danger, his motion contains only vague, general, and conclusory allegations of imminent danger stemming from a completely different set of facts relating to the conditions of his incarceration. None of these assertions have any nexus to the legal claims he asserts in his Complaint stemming from the alleged inadequacies of the food served by Aramark. It is clear to the Court that LoRusso has failed to meet the standard for reconsideration and only offers his disagreement with the Court's conclusion that his Complaint did not satisfy the imminent danger standard requiring him to pay the full filing fee in order to proceed. LoRusso's disagreement is insufficient to warrant reconsideration. *See Boretsky*, 433 F. App'x at 78. Accordingly, his Motion to Alter or Amend the Judgment will be denied.

With the denial of the present motion, it remains that case that LoRusso has incurred at least three strikes and does not allege he was in imminent danger of serious physical injury when he initiated this action. *LoRusso*, 2023 WL 2332235, at *2-*3. Therefore, LoRusso will be required to pay the full fees to commence this civil action if he wishes to proceed.

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that LoRusso must pay the full fee of $402 (the $350 filing fee and a $52 administrative fee) to the Clerk of Court within fourteen (14) days to initiate this action. An appropriate Order follows.